UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FORTSON, JR.,

       Plaintiff,

                                    CASE NO. 05-CV-73223-DT
v.                                  HONORABLE PATRICK J. DUGGAN

THOMAS KERN, et al.,

       Defendants.
_____/

**ORDER DISMISSING COMPLAINT**
At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 19, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on Plaintiff John Fortson, Jr.'s *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Saginaw Correctional Facility, located in Freeland, Michigan. In his Complaint, Plaintiff challenges the conditions at the jail where he was previously confined, the Tuscola County Jail, alleging overcrowding, inadequate ventilation, inadequate law library, lack of exercise/recreation, lack of fresh air/sunlight, lack of a classification system, lack of a grievance procedure, improper dispensation of medication, inadequate visiting conditions, improper punishment, improper mail procedures, inadequate food, inadequate laundry services, and insect and rodent infestation. Plaintiff seeks injunctive relief and monetary damages from Defendants.

1

Presently before the Court is Plaintiff's application to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1). For the reasons set forth below, Plaintiff's Complaint shall be dismissed.

**A.     The "Three Strikes" Provision**

On September 9, 2005, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).[1] Plaintiff filed a response to the Court's show cause order on November 4, 2005, asserting that he should be allowed to proceed without prepayment of the filing fee because certain cases cited in the show cause order should not be deemed "strikes" against him and because he was under imminent danger of serious physical injury while confined at the Tuscola County Jail.

Under the Prison Litigation Reform Act ("PLRA"), the Court may dismiss a case if, on three (3) or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). The Court's database reveals that Plaintiff has filed at least three (3) prior cases in the United States District Courts for the Eastern and Western Districts of Michigan which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See*:

| Case No. | Defendant(s) | Dismissal Date | Judge |
| --- | --- | --- | --- |

---

[1] The Court subsequently issued an amended order to show cause on October 18, 2005, to correct a typographical error in the original order.

| | | | |
|---|---|---|---|
| 92-CV-77255 | Dabrowski, et al. | 01/22/93 | Bernard A. Friedman |
| 96-CV-00091 | McGinnis, et al. | 06/03/96 | Douglas W. Hillman |
| 96-CV-00307 | McGinnis, et al. | 10/01/96 | Wendell A. Miles |

In his reply to the show cause order, Plaintiff asserts that two of the listed cases should not be count as "strikes" against him. Plaintiff first asserts that Case Nos. 96-CV-00091 and 96-CV-00307 should not be deemed strikes against him because he had no knowledge of those filings and another named plaintiff may have merely included him in the complaint. Plaintiff, however, has failed to present any evidence to support his allegation that he was not aware of the filings or that another prisoner acted on his behalf without authorization. The Court's records reveal that he was a named plaintiff and was sent copies of the orders filed in those cases. Plaintiff never raised any objection with the Court at the time of those actions. He cannot do so now to avoid application of the three strikes provision.

Plaintiff also asserts that Case No. 96-CV-00307 should not be deemed a strike because the complaint was only deemed frivolous as to one defendant before being transferred from the United States District Court for the Western District of Michigan to this Court. The record reveals that, after being transferred to this Court, Case No. 96-CV-00307 was dismissed without prejudice for failure to pay the initial partial payment of the filing fee. The Court does not believe that a dismissal for failure to pay the initial partial payment of the filing fee means that this action was "frivolous," "malicious," or "failed to state a claim upon which relief may be granted," pursuant to 28 U.S.C. § 1915(g). Therefore, the Court

3

does not believe that the dismissal of Case No. 96-CV-00307 for failure to pay the filing fee may count as a strike pursuant to the three strikes provision.

**B.**     *Sua Sponte* **Dismissal Pursuant to the Prison Litigation Reform Act**

First, because Plaintiff is no longer incarcerated at Tuscola County Jail, his request for injunctive relief is now moot. *See Abdur-Rahman v. Mich. Dep't of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Second, Plaintiff's claims against Defendants seeking monetary relief should also be dismissed for failure to statue a claim upon which relief can be granted. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(c), provides that in suits brought by prisoners:

> (c) Dismissal
>
> (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
>
> (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c).

Plaintiff's Complaint lists the following Defendants: (1) Thomas Kern, Sheriff, (2) James Jashinske, Undersheriff, (3) Lee Teschendorf, Lieutenant/Jail Administrator, (4) Curtis Chambers, Sergeant, and (5) Tuscola County Board of Commissioners. However, the

"Statement of Facts" contained in Plaintiff's Complaint fails to allege any action or inaction on the part of Defendants Jashinske, Teschendorf, and Chambers.

Even though a *pro se* plaintiff is held to a less stringent pleading standard than a party who is represented by counsel, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), the complaint must meet some minimum standards. *Id.* at 521, 92 S. Ct. 596. In this Complaint, Plaintiff fails to set forth any facts to support claims against Defendants Jashinske, Teschendorf, and Chambers.

In addition, Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 because Plaintiff has failed to allege that any of the conditions at Tuscola County Jail constitute a deprivation of a constitutional magnitude. *See Ziegler v. State of Michigan*, 59 Fed. Appx. 622, 624 (6th Cir. 2003). Plaintiff lists the following conditions in his Complaint: (1) overcrowding; (2) inadequate ventilation and broken air conditioning; (3) out-of-date law library; (4) minimal exercise and recreation time outside of cell; (5) minimal fresh air and sunlight; (6) no classification system so that mentally ill prisoners and prisoners withdrawing from alcohol and drugs are combined with the general population; (7) sheriff deputies routinely dispense medicines without being supervised by medical staff; (8) there is no prisoner grievance procedure; (9) poor visiting conditions; (10) sheriff deputies remove televisions or fans from cells as punishment when prisoners break rules; (11) prisoners' mail is opened and read by sheriff deputies before being given to prisoners; (12) the plumbing is out-of-date; (13) poor diet; (14) inadequate access to the laundry; and (15) insect and rodent infestation. However, Plaintiff's Complaint does

not contain any allegations that these conditions rise to the level of a deprivation of a constitutional right in violation of 42 U.S.C. § 1983.

Furthermore, although Plaintiff seeks "one million dollars," he has not set forth how any particular condition about which he complains has caused him injury. His Complaint refers to "inmates" being subjected to the conditions set forth above, but he does not allege any specific injury to himself as a result of any of these conditions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copy to:

John Fortson, Jr., #212620
9625 Pierce Road
Freeland, MI 48623